**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonia De Jesus Martinez Martinez,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-22-00580-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Sonia De Jesus Martinez Martinez's Application for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 14, "Def. Br."), and Plaintiff's Reply (Doc. 15). The Court has reviewed the briefs and the Administrative Record (Doc. 12, "R.") and now reverses the decision of the Administrative Law Judge ("ALJ") (R. at 22–33) as upheld by the Appeals Council (R. at 2–4).

**I.  BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on May 15, 2018, for a period of disability beginning October 1, 2017. (R. at 22.) Plaintiff's claims were initially denied on August 24, 2018, and upon reconsideration on July 10, 2019. (R. at 22.) Plaintiff then testified at a hearing held before

an ALJ on October 9, 2020, and at a supplemental hearing on March 31, 2021. (R. at 65-74, 41–64.) On May 19, 2021, the ALJ denied Plaintiff's Application (R. at 22–33), and on February 22, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. at 24). On April 8, 2022, Plaintiff filed this action seeking judicial review of the denial.

The Court has reviewed the medical evidence and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff had the following medically determinable impairments: asthma, diabetes mellitus type II, hypertension, hyperlipidemia, ovarian cyst, major depressive disorder, generalized anxiety disorder, obesity, COVID-19 infection, and borderline intellectual functioning. (R. at 25.) However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that has significantly limited, or is expected to significantly limit, the ability to perform basic work-related activities for twelve consecutive months. (R. at 25.) The ALJ thus concluded that Plaintiff does not have a severe impairment or combination of impairments and is not disabled under the Act. (R. at 25, 33.)

## II.    LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more

than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration: 1) the ALJ erred in failing to find a severe impairment at step two of the process; 2) the ALJ failed to properly evaluate the opinion of a state agency medical consultant; and 3) the ALJ erred by failing to incorporate the findings of the Psychiatric Review Technique. (Pl. Br. at 11, 18, 20.)

Plaintiff first argues that the ALJ erred by failing to find Plaintiff's depression and anxiety severe at step two because the ALJ lacked substantial evidence to reject Plaintiff's application at such an early stage and failed to provide sufficient reasoning for his conclusion. (Pl. Br. at 16–17; Reply at 2–3.) At step two of the five step inquiry, "the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir. 1996). The Ninth Circuit interprets the severity requirement as a "*de minimis* screening device" designed to weed out groundless claims. *Smolen*, 80 F.3d at 1290. An impairment is not severe if it does not significantly limit the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520(c). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1273 (citing 20 C.F.R. § 404.1520(b) (2014)). Only if the evidence establishes a "slight abnormality that has no more than a minimal effect on an individual's ability to work" should the ALJ end the inquiry at step two. Soc. Sec. Ruling 85-28; *Smolen*, 80 F.3d at 1290. An ALJ's decision to do so shall be affirmed only where it is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ found that major depressive disorder and generalized anxiety disorder were medically determinable impairments that were not severe.[1] (R. at 25.) Plaintiff argues that the ALJ reached this conclusion by improperly cherry-picking evidence while ignoring parts of the record that were favorable to Plaintiff. (Pl. Br. at 14.) Defendant responds that the ALJ found that 1) Plaintiff's testimony was "not entirely consistent with the medical and other evidence in the record for the reasons explained in this decision," 2) Plaintiff's impairments, "considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore non-severe," 3) Plaintiff was "doing well overall" and her "mental status exams were generally normal," 4) the medical record supports that Plaintiff benefited from

---

[1] The ALJ found the same of several other impairments, but those are not raised in this appeal. (R. at 25; Pl. Br.)

treatment, and 5) Plaintiff's "activity after the alleged onset date suggests she has no severe impairments." (Def. Br. at 5.)

To show that the ALJ's findings were reasonable, Defendant cites various portions of the record that support the ALJ's conclusions. (R. at 6–15.) For example, the ALJ identified several mental status exams that showed Plaintiff had no abnormal thoughts and good concentration, judgment, insight, and mood. (R. at 865, 880.) And in 2018 and 2019, Plaintiff reported that she was "feeling better" and "doing well," and her symptoms were improving with medication and counseling. (R. at 850, 864, 888, 1823.) The ALJ also noted that Plaintiff worked two parttime jobs for several months. (R. at 343, 1167.)

Plaintiff's position, however, is not that the record lacks any evidence to support the ALJ's conclusion. Rather, Plaintiff argues that the ALJ's decision fails to consider the record as a whole or provide sufficient reasoning to end the inquiry at step two. As Plaintiff points out, the record shows that Plaintiff began mental health treatment in 2018 and obtained counseling and psychiatric treatment through 2020. (R. at 815, 1868.) Plaintiff cites a myriad of reports in the record reflecting Plaintiff's struggles with anxiety and depression. (Pl. Br. at 15.) For example, an August 2018 report explained that Plaintiff presented with anxiety that was "chronic," "constant and worsening." (R. at 1032.) A May 2020 report noted that Plaintiff had "past diagnoses of Generalized Anxiety Disorder and Major Depressive Disorder, severe," and Plaintiff was "experiencing some problems with anger." (R. at 1764.) Another report stated that Plaintiff exhibited "anger outbursts" involving her sister. (R. at 1145.) Furthermore, during a July 2020 appointment, Plaintiff reported auditory hallucinations commanding her to cut herself and "just end it all." (R. at 1853.) The record is replete with similar medical reports detailing Plaintiff's symptoms of anxiety, anger, depression, and an urge to cut herself. (R. at 814, 834, 877, 1152–53, 1176-78, 1786, 1833.)

Yet, the ALJ's discussion of Plaintiff's anxiety and depression cites only those reports in which Plaintiff's mental health appeared normal. (R. at 28–30.) Without referencing any affirmative evidence of Plaintiff's mental illness, the ALJ determined that

Plaintiff's impairments, "considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore non-severe." (R. at 31.) The ALJ thus improperly considered in isolation only the evidence that supported his conclusion.

Defendant nevertheless contends that the ALJ did not ignore the evidence of anxiety and depression but rather found it unsupported or inconsistent with the overall record. And Defendant spends much of the answering brief explaining the inconsistencies. (Def. Br. at 6–15.) These explanations, however, are absent from the ALJ's decision. They are instead *post hoc* rationalizations that cannot form the basis for affirming. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (stating that the Court must be able to "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). And to the extent the record shows Plaintiff's mental health fluctuating over time, it is improper to discount Plaintiff's evidence of mental illness "merely because symptoms wax and wane in the course of treatment." *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

Although Defendant provides some reasoning behind the ALJ's decision, that reasoning is for only the ALJ to provide. But the ALJ cherry-picked the evidence that tends to show Plaintiff's anxiety and depression are not severe. The ALJ should have continued the sequential analysis beyond step two because the medical evidence does not clearly establish that Plaintiff's claim was "groundless." *See Webb*, 433 F.3d at 688 (citing *Smolen*, 80 F.3d at 1290). Accordingly, the Court will remand this matter to the ALJ for further proceedings, including further development of the record as necessary. Because the Court remands for further proceedings on this ground, it need not address Plaintiff's remaining arguments.

**IT IS THEREFORE ORDERED** reversing the decision of the Administrative Law Judge (R. at 22–33) as upheld by the Appeals Council (R. at 2–4).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with the Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with the Order and close this case.

Dated this 14th day of March, 2024.

Honorable John J. Tuchi
United States District Judge